UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENISE HALL,<br><br>                       Plaintiff(s),<br><br>      v.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br><br>                       Defendant(s). | Case No. 2:14-CV-2204 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Portfolio Recovery Associates, L.L.C.'s ("PRA") motion for summary judgment. (ECF No. 31). Plaintiff Denise Hall filed a response (ECF No. 39), and defendant filed a reply (ECF No. 40).

As an initial matter, this court considers plaintiff's assertion that there are three claims pending in this action: (1) retaliation; (2) harassment; and (3) wrongful termination. (ECF No. 39). The supposed second and third claims are not included in the complaint and therefore are not at issue in this case.[1] *Minor v. Fedex Office & Print Servs., Inc.*, 182 F. Supp. 3d 966, 977 (N.D. Cal. 2016) ("Plaintiff may not use his opposition to raise and argue new allegations or claims not in the complaint."); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000); (ECF No. 1).

**I.    Introduction**

Plaintiff, a former legal collector who was employed by defendant, initiated suit in this court on December 24, 2014. (ECF No. 1). Plaintiff's complaint alleges, under Nevada Revised

---

[1] Plaintiff was represented by counsel when the complaint was filed; she is no longer represented by an attorney. *See* (ECF No. 1). Although plaintiff now appears *pro se*, she must comply with legal rules. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (citing *Bias v. Moynihan*, 508 F.3d 1212 (9th Cir. 2007)); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

James C. Mahan
U.S. District Judge

Statute ("NRS") 613.330 *et seq.* and Title VII of the Civil Rights Act of 1964, that PRA retaliated against plaintiff for her complaint to corporate headquarters about the behavior of her operations manager, Carla Moran, and for plaintiff's charge to the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.*). Specifically, plaintiff alleges that, after she submitted her corporate complaint against Moran on June 21, 2012, plaintiff "was moved off of Carla Moran's team and given a less desirable schedule." (ECF No. 1 at 4).

On August 27, 2012, Plaintiff filed a formal charge of discrimination with the EEOC. (*Id.*). Plaintiff alleges that she thereafter "receiv[ed] written disciplinary actions for alleged infractions she previously had not been disciplined for" and was relocated to a desk where she could be under greater scrutiny. (*Id.* at 3–5). Plaintiff was eventually terminated on January 17, 2013. (*Id.*).

In its motion, defendant argues that plaintiff has failed to establish a prima facie case of retaliation under federal or state law and has not overcome her burden to show that any adverse employment action was the result of plaintiff's protected conduct. (ECF No. 31).

## II.    Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

James C. Mahan
U.S. District Judge

- 2 -

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.   Discussion

#### a.   Applicable law

Plaintiff's complaint did not distinguish among the Nevada statutes, but NRS 613.340 appears to be the applicable law in this case because plaintiff alleges retaliation stemming from her complaint about a supervisor's workplace behavior and plaintiff's EEOC complaint. *See* (ECF No. 1). That statute reads, *inter alia*:

> It is an unlawful employment practice for an employer to discriminate against any of his or her employees . . . because the employee . . . has opposed any practice made an unlawful employment practice by NRS 613.310 to 613.435, inclusive, or because he or she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under NRS 613.310 to 613.435, inclusive.

NRS 613.340(1). Moreover, "[t]he Nevada Supreme Court looks to Title VII cases for guidance in the application of [NRS] 613.310, *et seq.*, for unlawful employment practices." *Hirschhorn v. Sizzler Restaurants Int'l, Inc.*, 913 F. Supp. 1393, 1398 (D. Nev. 1995) (citing *Apeceche v. White Pine County*, 615 P.2d 975, 977 (1980)).

Under Title VII, a plaintiff may establish a prima facie case of retaliation by showing that (1) she engaged in activity protected under Title VII, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action.

*Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000); *see also* 42 U.S.C. § 2000e-3(a). The causal link in a Title VII retaliation action is determined by asking whether the alleged harm is a "but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013). Plaintiff shoulders the burden of proving causation in a Title VII retaliation action. *See Poland v. Chertoff*, 494 F.3d 1174, 1180–82 (9th Cir. 2007).

### b. *Defendant's initial burden*

Defendant meets its initial burden on summary judgment by attacking plaintiff's proof of causation. *See Celotex Corp.*, 477 U.S. at 323–24. Defendant has submitted an exhaustive set of exhibits chronicling its policies, plaintiff's discipline record, plaintiff's deposition testimony, and other documents. (ECF Nos. 31-1–31-28).

First, according to those exhibits, plaintiff had attendance violations that were recorded prior to the filing of her corporate or EEOC complaints. (ECF Nos. 31-6 at 5–6, 31-19 at 2); *see also* (ECF No. 31-7 at 6–9). Plaintiff also indicated that Ms. Moran generally adhered closely to the attendance policy, with an awareness towards individual timekeeping. *See* (ECF No. 31-7 at 15). This characterization conflicts with plaintiff's assertion that defendant changed its discipline against her in response to her complaints. (ECF Nos. 1 at 4, 31-5 at 25–26, 31-7 at 15). Additionally, plaintiff was suspended one day for her violation of defendant's clean desk policy, which was promulgated, *inter alia*, to "[r]educe[] the risk of misuse of consumer personal information."[2] (ECF No. 31-11 at 2); *see also* (ECF No. 31-25).

Defendant further offers July 2012 emails that suggest an explanation for moving plaintiff's shift other than retaliation: to avoid conflict and improve plaintiff's workplace experience. *See* (ECF No. 31-2). Additionally, plaintiff's deposition testimony confirms that deposition exhibit 28 chronicles plaintiff's post-complaint suspension resulting from violations of the attendance policy. (ECF Nos. 31-7 at 9–12, 31-24 at 2). Finally, that exhibit communicates

---

[2] Defendant concedes that this event was not considered in plaintiff's termination. (ECF No. 31 at 3 n.1).

that a "[f]ailure to correct conduct may result in further disciplinary [sic] up to and including termination of employment." (ECF No. 31-24 at 2).

Therefore, defendant has raised sufficient evidence attacking the element of causation; it appears that the enforcement of company policies, change in schedule, and ultimate termination might not have been the result of plaintiff's corporate or EEOC complaints. *See Celotex Corp.*, 477 U.S. at 323–24; *see also* (ECF No. 1). To avoid summary judgment, plaintiff must now show that there is a genuine dispute of material fact. *See Matsushita Elec. Indus. Co.*, 475 U.S. 574, 586 (1986).

    *c.   Dispute of material fact and admissibility of exhibits*

Plaintiff responded to defendant's motion by comparing defendant's disciplinary actions against her to those against other employees, reasserting previous allegations, and discussing her post-termination activities. (ECF No. 39). However, defendant has filed an objection to plaintiff's submitted exhibits accompanying her response, arguing that they do not comply with Federal Rule of Civil Procedure 56(c)(4) and case law because they are unauthenticated and therefore inadmissible. (ECF No. 43).

"Authentication is a 'condition precedent to admissibility,' and this condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (footnotes omitted) (quoting Fed. R. Evid. 901(a)). "Th[e Ninth Circuit] has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994) (quoting *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987)).

However, the Ninth Circuit has more recently held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")); *see also JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) ("[A]t summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so

James C. Mahan
U.S. District Judge

- 5 -

long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony.").

Moreover, Federal Rule of Civil Procedure 56(c)(1)(B) indicates that:

> A party asserting that a fact cannot be genuinely disputed must support the assertion by . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Notably, that rule does not indicate at what point the evidence must be admissible, and it also utilizes the absolute "cannot." *Id.* Therefore, rule 56 does not seem to conflict with the standard articulated in *Fraser* and the court will utilize the same. *See id.*; *see also* 342 F.3d at 1036.

Although plaintiff's offered documents are not self-authenticating under Federal Rule of Evidence 902 or may not have been authenticated by defendant under Federal Rule of Evidence 901, this court assesses the substance of her exhibits to see if their content could be admissible at trial. *See Frasier*, 342 F.3d at 1036; *see also* 28 U.S.C. § 1746; (ECF No. 39 at 12–165).

Upon review of plaintiff's exhibits, this court notes Krista Luke's account of a September 2012 manager meeting wherein Assistant Vice President Sean Garrett asserted that plaintiff needed to leave the company after discussing plaintiff's EEOC claim. *See* (ECF No. 39). This alleged act produces a genuine dispute of material fact as to the causation element of plaintiff's claim. *See JL Beverage Co., LLC*, 828 F.3d at 1110; *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986) (discussing the attribution of an agent's statements to an employer).

Defendant's motion concedes that filing the EEOC charge was a protected activity under Title VII. (ECF No. 31). Because termination is an adverse employment action, this potentially admissible declaration by Ms. Luke satisfies plaintiff's burden of showing a genuine dispute of material fact as to her sole retaliation claim. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002); *see also T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (9th Cir. 1987).

### IV.   Conclusion

Plaintiff illustrates a genuine dispute of material fact regarding her retaliation claim. Therefore, defendant's motion for summary judgment on plaintiff's allegations of retaliation under Title VII and Nevada law will be denied.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment (ECF No. 31) be, and the same hereby is, DENIED.

DATED February 14, 2017.

_____
UNITED STATES DISTRICT JUDGE